UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAO HUY PHAN,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN OF THE OTAY MESA DETENTION FACILITY, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 25-cv-02369-AJB-BLM<br><br>**ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND SETTING A SHOW CAUSE HEARING** |

Before the Court is Petitioner Hao Huy Phan's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner is detained in the Otay Mesa Detention Center by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 6.) Petitioner alleges he is a permanent resident who was detained on or about December 20, 2007, and ordered removed by an Immigration Judge on March 16, 2008. (*Id.* ¶¶ 15–16.) Petitioner received a document titled "Decision to Continue Detention" from ICE on March 16, 2008, and then again on June 18, 2025. (*Id.* ¶ 17.) Petitioner filed the instant Petition on September 8, 2025, challenging his detention.[1]

---

[1] This action was transferred from the Eastern District of California, where it was initially filed, to this District, where jurisdiction is proper, on September 10, 2025. (*See* Doc. Nos. 2; 3; 4.)

1

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a judge "must promptly examine" a petition and, if the petition is not dismissed, the judge must order "the clerk [to] serve a copy of the petition and any order on the respondent" and order "the respondent to file an answer, motion, or other response within a fixed time." Habeas R. 1(b); *see also Webb v. Noonan*, No. 3:18-cv-01551-GPC-NLS, 2018 U.S. Dist. LEXIS 133020, *2–3 (S.D. Cal. Aug. 7, 2018) (noting the Habeas Rules "may be applied to proceedings undertaken pursuant to 28 U.S.C. § 2241").

Having reviewed the Petition in accordance with the Habeas Rules and § 2243, the Court finds that summary dismissal thereof is not warranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)). Accordingly, the Court **ORDERS** that:

1. The Clerk of the Court **must SERVE** a copy of this Order and the Petition on Respondents by serving the United States Attorney for the Southern District of California, or his authorized representative, at 880 Front Street, Suite 6253, San Diego, California 92101.

2. **No later than October 7, 2025**, Respondents **must file** and **serve** a Return showing cause as to why the Petition should not be granted. The Return **must include** all documentation, including orders and transcripts, relevant to the determination of the issues raised in the Petition. The Return **must address** the necessity of an evidentiary hearing on the Petition.

3. Petitioner **may file** and **serve** a Traverse **no later than October 27, 2025**.

4. A Show Cause hearing on the Petition is **SET** for **November 3, 2025**, at

1 | **2:00 PM** in Courtroom 4A of Edward J. Schwartz U.S. District Courthouse, 221 West
2 | Broadway, San Diego, CA 92101.
3 |     **IT IS SO ORDERED.**
4 | Dated: September 23, 2025

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge